IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY WILLIAMS<br>515 Cabot Drive<br>Hockessin, DE 19707<br><br>　　　　*Plaintiff,*<br>　　　　　　v.<br><br>SCHOOL DISTRICT OF PHILADLPHIA<br>440 North Broad Street<br>Philadelphia, PA 19130<br><br>　　　　*Defendants.* | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Leroy Williams, (hereinafter referenced as "Plaintiff") has initiated the instant action to recover damages for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and other applicable federal and state law by Defendant School District of Philadelphia (hereinafter referenced as "Defendant").

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Defendant is the eighth largest public school district in the United States, maintains over 18,000 employees, and serves over 200,000 students.

5. At all times relevant hereto, Defendants acted through its agents, servants, and employees, each of whom was in the course and scope of their employment.

### III. Jurisdiction and Venue

6. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

7. The Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under Federal law (including Title VII of the Civil Rights Act of 1964).

9. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant resides in and/or conduct business in this judicial district; and (b) because the acts and omissions giving rise to the claims set forth herein, including specifically: (i) Plaintiff's employment with Defendants; and (ii) the adverse employment actions carried out by Defendant against Plaintiff occurred exclusively in this judicial district.

### IV. Exhaustion of Administrative Remedies

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff has exhausted the administrative remedies required for proceeding with his claims under Title VII of the Civil Rights Act of 1964 (Count One of the instant Complaint).

13. Plaintiff filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission asserting claims of racial and gender discrimination at No. 530-2021-03021.

14. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge which was received by Plaintiff on May 23, 2022.

15. The instant action has been commenced within ninety (90) days of the receipt of the foregoing Notice of Right to Sue.

## V. Factual Background

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff is male and African-American.

18. Plaintiff began working for Defendant November 11, 1993 as a school counsellor.

19. Prior to the false and racially-motivated reports from which the instant case arises, Plaintiff had never been disciplined or investigated for any misconduct in his employment.

20. On December 1, 2020, a Caucasian female colleague of Plaintiff, "JB," filed a false, racially motivated claim that Plaintiff had sexually harassed her.

21. Plaintiff had never harassed the female colleague in question at any time.

22. Defendant was aware of numerous performance deficiencies and mental issues on the part of the aforesaid female colleague and was also aware her accusations were false.

23. The female colleague in question made deliberately false charges against Plaintiff because he was an African-American male.

24. Defendant refused to provide Plaintiff with the details of the foregoing charges and yet demanded that he respond to same.

25. Despite the meritless and racially-motivated nature of the charges, of which Defendant was aware, Defendant placed Plaintiff on an extended suspension and required him to

3

report to 440 North Broad Street and sit in a dirty and windowless room with poor ventilation.

26. The aforesaid room is known among Defendant's employees as the "rubber room."

27. Plaintiff complained about the conditions he was forced to ensure but nothing was done by Defendant to alleviate them.

28. Plaintiff endured substantial pain and suffering as a result of his placement in the "rubber room."

## Count One
### Title VII of the Civil Rights Act of 1964
### Racial and Gender Discrimination and Retaliation

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was subjected to the foregoing actions because of his race (African-American) and gender (male).

31. Defendant and its agents also subjected Plaintiff to a hostile work environment due to the fact that he is African-American, and treated Caucasian employees in a more favorable manner.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the Ad Damnum clause below.

## Count Two
### 42 U.S.C. § 1981
### Racial Discrimination and Retaliation

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was subjected to the foregoing actions because he is African-American and because he engaged in protected activity by filing complaints of discrimination.

34. In intentionally discriminating against and retaliating against Plaintiff as aforesaid as a result of his race, Defendant also violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the Ad Damnum clause below.

## AD DAMNUM CLAUSE

WHEREFORE, Plaintiff respectfully requests the Court to grant him the following relief:

A. That a judgment be entered against Defendant on the claims set forth herein;

B. That Plaintiff be awarded actual damages, including lost pay and damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant;

C. That Plaintiff be awarded punitive damages in an amount believed by the trier of fact to appropriately punish Defendant for its willful, malicious, deliberate, and outrageous conduct and to deter it from engaging in future misconduct;

D. That Plaintiff be granted all other legal, equitable or injunctive relief the Court deems just and proper, including but not limited to the relief requested herein;

E. That Plaintiff is to be awarded the costs and expenses of this action;

F. That Plaintiff be awarded reasonable attorneys' fees;

G. That Plaintiff's claims against Defendant be tried to a jury to the extent permitted by applicable law.


Respectfully submitted,

WAYNE A. ELY

BY:   /S/   Wayne A. Ely
Wayne A. Ely, Esquire
Attorney for Plaintiff
59 Andrea Drive
Richboro, Pennsylvania 18954
(215) 801-7979

August 18, 2022